IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 1:17-cr-114 (LMB/MSN) |
| ) | |
| JON LAWRENCE FRANK, ) | |
| ) | |
| Defendant. ) | |

ORDER

On March 4, 2020, the assigned magistrate judge issued a Report and Recommendation (the "Report") recommending that the Court grant the government's Application for Writ of Continuing Garnishment ("Application"), in which the government seeks to garnish defendant's 401(k) retirement account to satisfy in part a criminal restitution order. On April 1, 2020, defendant Jon Lawrence Frank ("Frank" or "defendant") filed a timely objection to the Report.[1] The government has responded to the objection, and the defendant has filed a reply brief. When an objection is made to a magistrate judge's report, the Court reviews the findings of the magistrate judge de novo. 28 U.S.C. § 636(b); Fed. R. Crim. P. 59(b)(3). For the reasons that follow, defendant's objection will be overruled in part and the government's application will be granted in part, except that defendant will be allotted 10 percent of the funds from his 401(k) to cover any penalties or taxes associated with early withdrawal of the funds in the account.[2]

On June 9, 2017, Frank pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343, for embezzling over $19.4 million from his former employer, NCI Information

---

[1] The Report stated that objections were due within 14 days; however, this deadline was extended by General Order 2020-03.

[2] Although defendant has filed a notice of hearing for June 26, 2020, oral argument would not aid in the decisional process, and this hearing will be cancelled.

Solutions, Inc. ("NCI"). [Dkt. Nos. 20, 22]. On September 8, 2017, defendant was sentenced to 78 months' imprisonment to be followed by three years of supervised release, and was ordered to pay $19,440,331.00 in restitution to NCI. [Dkt. No. 36]. As of the date the Report was issued, NCI had recovered approximately $7.2 million in restitution.

On September 5, 2019, the government filed the pending Application under 28 U.S.C. § 3205(b)(1), naming Charles Schwab Corporation ("Charles Schwab"), the custodian of the 401(k) account, as the garnishee. [Dkt. No. 60]. On December 2, 2019, Charles Schwab notified the Court that it maintains a 401(k) account under the NCI Information Systems, Inc. 401(k) Plan in Frank's name, and that the account contains approximately $479,504.54 in assets. [Dkt. No. 65]. On January 24, 2020, defendant, through counsel, filed his opposition to the garnishment, arguing that (1) the government may not seize and liquidate his 401(k) account because it is protected under the anti-alienation provision of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.; (2) even if ERISA's anti-alienation provision is inapplicable, the government cannot access the funds because Frank himself does not have unfettered access to the account, the funds are exempt from garnishment because they are wages, salary, and other income,[3] and the funds are properly characterized as earnings and therefore are subject to the 25 percent garnishment cap provision in the Consumer Credit Protection Act ("CCPA"); and (3) even if the Court finds that the government can reach those funds, the Court should exercise its equitable power to permit Frank to keep a portion of his 401(k) funds to cover his tax bill and facilitate his re-entry to society upon completion of his sentence. The government responded that ERISA does not bar garnishment of Frank's 401(k) account because the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3662 et seq., governs defendant's

---

[3] In his objection, defendant states that he does not reassert this argument before this Court.

2

restitution judgment, and that the CCPA's garnishment cap does not apply to the lump-sum distribution sought by the government. The issues were fully briefed, and oral argument before the magistrate judge was held on February 7, 2020.

In the Report, the magistrate judge rejected defendant's arguments, first finding that the MVRA demonstrates Congress's clear intent to override ERISA's anti-alienation provision, in part because the MVRA contains a "notwithstanding" clause, which "signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section." Report at 10 (quoting Cisneros v. Alpine Ridge Group, 508 U.S. 10, 18 (1993)). This conclusion was well-founded and consistent with decisions by the Second and Ninth Circuits, as well as every district court to examine this issue, including the Eastern District of Virginia. United States v. Novak, 476 F.3d 1041, 1053 (9th Cir. 2007)); United States v. Irving, 452 F.3d 110, 126 (2d Cir. 2006); United States v. James, 312 F. Supp. 2d 802, 805 (E.D. Va. 2004) (collecting cases). As the Ninth Circuit observed, "all standard principles of statutory construction support the conclusion that [the] MVRA authorizes the enforcement of restitution orders against retirement plan benefits, the anti-alienation provision of ERISA notwithstanding." Novak, 476 F.3d at 1053. Moreover, in examining the nearly identical anti-alienation provision in the Internal Revenue Code, 26 U.S.C. § 401(a)(13)(A), the Fifth and Seventh Circuits have come to similar conclusions that the MVRA permits garnishment of retirement plans, notwithstanding the protections under the Internal Revenue Code. See, e.g., United States v. DeCay, 620 F.3d 534, 540 (5th Cir. 2010); United States v. Hosking, 567 F.3d 329, 335 (7th Cir. 2009). In addition, the Fourth Circuit in an unpublished opinion considered whether the MVRA allows garnishment of property that was otherwise statutorily exempt and found that it did so allow. United States v. Lambert, 395 F. App'x 980, 981 (4th Cir. 2010). Consistent with these

authorities and the Report's thorough analysis of this issue, the Court finds unpersuasive defendant's arguments that the magistrate judge's conclusions were erroneous.

The magistrate judge also concluded that the government, stepping into defendant's shoes, can require a lump-sum liquidation of defendant's 401(k) account. The parties agreed that "[i]f a defendant's right to receive a lump-sum distribution of his retirement funds is subject to a condition, the government would not have any more access than the defendant." United States v. Sayyed, 862 F.3d 615, 619-20 (7th Cir. 2017). Defendant argued that because his access to the 401(k) account is subject to conditions in the form of withdrawal penalties and tax implications, he does not have "unfettered" access to the funds in that account, and therefore the government does not either. As the magistrate judge observed, although defendant's withdrawal of funds from his account may be subject to withdrawal penalties and tax implications, those conditions "may disincentivize, but do not preclude, withdrawals from retirement accounts. As the defendant concedes, nothing in the terms of the NCI 401(k) Plan limits his ability to immediately and unilaterally withdraw a lump-sum amount." Report at 16. Accordingly, the Court finds that the government has the right to force the immediate liquidation of Frank's entire 401(k) account based on Frank's present right to withdraw a lump sum under the terms of his pension plan.

Lastly, the magistrate judge determined that the CCPA caps on garnishment of wages do not apply to lump-sum distributions, finding that "it is clear from the language of [15 U.S.C.] § 1673(a) that the CCPA's restrictions on garnishment are intended to apply to periodic compensation." Report at 17 (emphasis in original). The magistrate judge concluded that "[j]ust as a tax refund or lottery winnings would have to be turned over as a lump sum for purposes of restitution, a lump-sum withdrawal from the 401(k) account would likewise have to be turned over in its entirety (with the exception of any tax withholdings by Schwab under the terms of the

4

plan)." Id. The Court agrees with this conclusion, and finds unpersuasive defendant's arguments that the CCPA should apply to any distribution.

Defendant argues that regardless of the outcome of his legal arguments, "[a]s a matter of equity, this Court should limit the government's garnishment to leave Mr. Frank sufficient funds to cover the tax bill triggered by the government's forced liquidation and to cover basic expenses upon his release from the BOP." [Dkt. No. 77] at 10. The magistrate judge rejected this argument, finding that even if the Court has the discretion to order such relief, the equities do not favor doing so; however, the magistrate judge also stated approvingly that the government had offered to allow 10 percent of the distribution to be paid to the Internal Revenue Service to offset any additional tax penalty incurred by the defendant. In its response to the objection, the government has clarified that it has no mechanism for paying 10 percent of the 401(k) to the Internal Revenue Service for taxes, but that during settlement negotiations it had offered to allow Frank to retain 10 percent of the account for taxes or other purposes. Defendant argues that 10 percent is insufficient, and that the Court should order the government to leave Frank with sufficient funds to cover any additional taxes associated with liquidating the 401(k), and order that an additional five percent of the proceeds be allotted to him to ease his re-entry into society.

The Court finds that the government's offer to let Frank retain 10 percent of the funds to offset any penalty for early withdrawal as well as the taxes due on the withdrawal was a very reasonable offer, and will enforce it; however, defendant's argument that he should also be allowed to retain an additional five percent of the 401(k) proceeds to assist him in reentering society would not be fair to the victim, to whom this restitution is due.

The Court has reviewed the remaining arguments in defendant's objection and reply brief, and finds that they do not have merit. The magistrate judge's rejection of defendants'

5

arguments was sound and well-reasoned, and on <u>de novo</u> review the Court reaches the same conclusions. Having fully reviewed the Report, case file, and relevant briefs, the Court adopts the findings of fact and conclusions of law contained in the Report as its own, except with respect to allowing the defendant to retain 10 percent of the 401(k) funds to cover any penalties or taxes. Accordingly, defendant's objection is OVERRULED IN PART, and it is hereby

ORDERED that the government's Application for Writ of Continuing Garnishment [Dkt. No. 60] be and is GRANTED IN PART, with the exception that defendant may retain 10 percent of the 401(k) funds to pay any penalties or additional taxes associated with liquidating that account; and it is further

ORDERED that the hearing scheduled for June 26, 2020 be and is cancelled.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 6 day of May, 2020.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge